IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DAHLGREN, as Personal
Representative of the Estate of
DAVID AND MARY DAHLGREN,
Deceased,

    Plaintiff,

v.                                        CASE NO. 1:06-cv-00065-MP-AK

JERRY MULDROW,
SCHNEIDER SPECIALIZED CARRIERS INC.,

    Defendants.
_____/

**O R D E R**

       This matter is before the Court on Doc. 38, Plaintiff's Disclosures Pursuant to Rule 26 (a)(3).  By prior order, Defendants were directed to file any supplemental objections to Plaintiff's Rule 26 Disclosures by August 28, 2007, and Plaintiff was directed to file its response to Defendants' objections by September 11, 2007.  While Defendants timely filed their objections, Plaintiff failed to meet the required deadline.  Docs. 43 & 44.  A hearing on this matter was held on Tuesday, August 25, 2007.

       In their amended objections, Defendants object to three evidentiary exhibits listed in Plaintiff's disclosures.  Plaintiff contends that these exhibits, excerpts from the Manual on Uniform Traffic Control Devices and the Florida Department of Transportation Traffic Engineering Manual, lack the proper foundation to be introduced into evidence standing alone.  Because the Court struck several of Plaintiff's expert witnesses who were to testify as to the authenticity of these exhibits, Defendants argue that the exhibits are now inadmissible.  In response, Plaintiff contends that Manual on Uniform Traffic Control Devices is admissible in

evidence as either self-authenticating under Federal Rules of Evidence Rule 902(5), or through judicial notice under Federal Rules of Evidence Rule 201.

The Federal Highway Administration's Manual on Uniform Traffic Control Devices ("Manual") establishes uniform standards for the design, installation, and maintenance of traffic control devices on all public roadways throughout the United States.  23 C.F.R. § 655.603(a). The Manual has been incorporated into federal regulations promulgated by the Secretary of Transportation.  See 23 CFR §§ 655.601-655.603.  For "any highway project in which Federal funds [ ] participate," states must employ devices that conform to standards set out in the Manual.  23 U.S.C. § 109(d).  Florida has incorporated the Manual and made it part of the rules of the Florida Department of Transportation.  See Fla. Stat. § 316.0745(2), Fla. Admin. Code Rule 14-15.010.

Federal Rule of Evidence 902(5) states that official publications purporting to be issued by a public authority are self-authenticating.  Also, Rule 201(b)(2) allows a court to take judicial notice of any fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned."  Under either Rule, the Manual and the Florida Regulations are admissible as authentic documents. Both the federal and state manuals are issued by public authorities, and the fact that they are federal and state regulations is not subject to reasonable dispute.  The question in this case is the relevancy of the proffered traffic signal regulations.  The Manual requires state and federal agencies and contractors to abide by the regulations in constructing and maintaining highway systems–it does not impose a duty on private citizens to obey the regulations.  Therefore, while the Court finds that Items 35, 36, and 37 in Plaintiff's Rule 26 disclosure need not be

authenticated through the testimony of a witness, they must still be relevant to be admissible. Accordingly, the Court denies Defendants' Motion to Strike on the grounds of authenticity, without ruling on the relevancy of Items 35, 36, and 37.

**DONE AND ORDERED** this   *26th*   day of September, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge