UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DAHLGREN, as Personal
Representative of the Estate of
DAVID AND MARY DAHLGREN,
Deceased,

        Plaintiffs,

vs.                                      CASE NO.  1:06-cv-00065-MP-AK

JERRY MULDROW AND SCHNEIDER
SPECIALIZED CARRIERS, INC.,

        Defendants.
_____/

## **DEFENDANTS' THIRD MOTION IN LIMINE**

      Defendants, Jerry Muldrow ("Muldrow") and Schneider Specialized Carriers, Inc. ("SSC"), move the court in limine for issuance of an order precluding the plaintiff's attorneys (1) from making any statements to the jury or making references during the questioning of witnesses to commercial motor vehicle operators being held to a higher standard of care than other highway users, and (2) seeking a jury instruction to that effect. In support hereof the defendants would show the following:

      1.     Based upon previous court filings by plaintiff's attorneys, such as in paragraph 53 of plaintiff's Motion for Partial Summary Judgment (Doc. 56), it is clear that plaintiff's counsel intends to take the position that defendant Muldrow, as a commercial motor vehicle driver, is to be held to a higher standard of care than other drivers, such as plaintiff's decedent David Dahlgren.

2. In support of this contention, plaintiff relies on a document entitled "Interpretations of 49 C.F.R. Part 383" published by the Federal Highway Administration's Office of Motor Carrier Standards, Standards Review Division, in 1991 (Exhibit "3" to deposition of plaintiff's expert David Stopper; Exhibit "F" to Doc. 56 plaintiff's Motion for Partial Summary Judgment). The particular interpretation relied on by plaintiff's expert is in response to question 3 pertaining to Section 383.51 of the *Federal Motor Carrier Safety Regulations*, which was a question regarding why a commercial motor vehicle operator is disqualified by two excessive speeding violations whereas a non-commercial motor vehicle driver is not.

3. The interpretation relied on by the plaintiff lacks the force and effect of law. In fact, in 1997, all previously issued interpretations were revised and consolidated into the "Regulatory Guidance for the Federal Motor Carrier Safety Regulations," 62 Fed. Reg. 16370-01 (1997). At that time, the specific interpretation relied on by the plaintiff to create a higher standard of care for a commercial motor vehicle operator was removed, and the Federal Highway Administration ("FHWA") stated in issuing the Regulatory Guidance that "all prior interpretations . . . may no longer be relied upon as authoritative insofar as they are inconsistent with the guidance published today."

4. Nowhere in the *Federal Motor Carrier Safety Regulations* themselves does it state that truck drivers are generally held to a higher standard of conduct than other highway users.

5. The appropriate standard of care in negligence cases for all motor vehicle operators is the same, namely the duty to exercise reasonable care, which is that degree of

care which a reasonable careful person would use under like circumstances. Florida Standard Jury Instruction (Civil) 4.1.

6. Almost every jurisdiction faced with the issue of imposing a higher standard of care on truck drivers, including Florida, has held that they should be held to a standard of ordinary due care, not a higher standard. *See, e.g.*, *Jackson v. Reardon*, 392 So. 2d 956 (Fla. 5th DCA 1980); *Jacksonville Journal Company v. Gilreath*, 104 So. 2d 865 (Fla. 1st DCA 1958); *Cervelli v. Graves*, 661 P. 2d 1032 (Wyo. 1983); *Fredericks v. Castora*, 360 A. 2d 696 (Pa. 1976). Truck drivers have been held to the same standard of care as other highway users, regardless of age or ability (*Thomas v. Settle*, 439 S.E. 2d 360 (Va. 1994)), skills, training, or class of license (*Cervelli, supra*), or years of experience (*Fredericks, supra*).

The defendants respectfully request that the court enter an order granting this third motion in limine and prohibiting the plaintiff's attorneys from stating to the jury, referencing in any way, or seeking a jury instruction which intends to hold defendant Muldrow to a higher standard of care than any other driver on the road.

**MEMORANDUM OF LAW**

In support of the foregoing motion, the defendants present this memorandum of law.

Plaintiff intends to take the position and argue to the court and jury that defendant Muldrow, as the operator of a commercial motor vehicle, should be held to a higher standard of care than other highway users. In taking this position, plaintiff relies upon a 1991 publication called "Interpretations of 49 C.F.R. Part 383" of the *Federal Motor*

*Carrier Safety Regulations*, which pertains to licensing standards and driver disqualifications.  The specific interpretation, which is question 3, was in response to a question regarding why a commercial motor vehicle operator is disqualified by two excessive speeding violations but a non-commercial motor vehicle operator is not.

The interpretation at issue lacks the force and effect of law and falls far short of altering one of the long standing core principles of negligence law, namely that the operator of a motor vehicle has the duty to exercise reasonable, ordinary care in the operation of the vehicle.  First, because the interpretations are not subject to notice–and–comment requirements, they are not published in the *Code of Federal Regulations*, and the FHWA did not invoke its legislative authority in publishing them, the interpretations lack legal effect.  *Truckers United for Safety v. Federal Highway Administration*, 139 F. 3rd 934 (D.C. Cir. 1988).  Second, in 1997, the FHWA consolidated all previously issued interpretations and regulatory guidance materials, to develop a concise interpretative "Regulatory Guidance for the Federal Motor Carriers Safety Regulations."  According to the agency "all prior interpretations and regulatory guidance of the FMCSRs issued previously . . . may no longer be relied upon as authoritative insofar as they are inconsistent with the guidance published today."  62 Fed. Reg. 16370 (1997).  Under Section 383.51, where the interpretation relied upon by plaintiff was found, question 3 and the response were removed.  Therefore, the interpretation relied on by plaintiff no longer carries any authority.

In taking the position that defendant Muldrow should be held to a higher standard of care as a commercial motor vehicle operator, plaintiff does not rely on any regulation

4

or law. Nowhere in the *Federal Motor Carrier Safety Regulations* does it state that commercial motor vehicle operators are generally held to a higher standard of care than other drivers.

In Florida, as in all other American jurisdictions, the standard of care in motor vehicle negligence cases is generally the same for all motor vehicle operators, namely the duty to exercise reasonable care. Reasonable care is defined by Florida Standard Jury Instruction (Civil) 4.1 as that degree of care which a reasonably careful person would use under like circumstances. In Florida, tractor trailer drivers are held to this same standard of ordinary care as other highway users. *Jackson v. Reardon*, 392 So. 2d 956 (Fla. 4th DCA 1980) (tractor trailer operator "has a duty to use reasonable care"); *Jacksonville Journal Company v. Gilreath*, 104 So. 2d 865 (Fla. 1st DCA 1958) (truck driver properly "charged with the duty of exercising reasonable care and caution").

Furthermore, almost every other jurisdiction addressing this issue has held that commercial motor vehicle drivers should be held to the same standard of ordinary, reasonable care as all other drivers. For example, in *Cervelli v. Graves*, 661 P. 2d 1032 (Wyo. 1983), the Supreme Court of Wyoming held that it was improper and reversible error to instruct the jury that a truck driver was to be held to a higher standard of care than an ordinary driver, despite the fact that the truck driver held a higher class of license and had professional skills and training. In *Fredericks v. Castora*, 360 A. 2d 696 (Pa. 1976), the appellant sought to hold the truck drivers to a higher standard of care on the grounds that they were professionals who drove trucks for a living and had done so for over 20 years. Noting that the appellants had cited no cases to support that "novel

5

contention" (*Fredericks v. Castora*, 360 A. 2d at 697), the court reported that its own research disclosed "no case where the operator of a motor vehicle was held to a higher standard of care due to the length or nature of his experience." *Fredericks v. Castora*, 360 A. 2d at 698. The court mentioned a 1953 decision where the Supreme Court of Pennsylvania held a truck driver to the same standard required of all motorists. *Id*.

A survey of other cases from different jurisdictions supports these holdings. *See, e.g.*, *Zuniga v. Pay Less Drug Stores*, 917 P. 2d 584 (Wash. 1996) (rejecting argument that truck driver is subject to higher duty of care than possessor of land); *Capital Raceway Promotions, Inc. v. Smith*, 322 A. 2d 238 (Md. 1974) (neither the inexperience of a novice nor the professional experience of a truck driver affects the standard of care required of a driver); *Smith v. Beaty*, 639 N.E. 2d 1029 (Ind. App. 1st Dist. 1994) (driver of semi-tractor trailer owed duty of exercising ordinary care); and *Thomas v. Settle*, 439 S.E. 2d 360 (Va. 1994) (age or ability of vehicle driver does not alter the standard of care). The only contrary authority is in Louisiana, which has not followed the rule of the vast majority. *Theriot v. Bergeron*, 939 So. 2d 379 (La. App. 1 Cir. 2006) (truck driver is a superior actor in the eyes of the law and is held to a high standard of care).

In *Rios v. Norsworthy*, 597 S.E. 2d 421 (Ga. App. 2004), an expert engineer gave an opinion that standards of care in the professional truck driving industry and recognized professional driving courses requires truck drivers to do certain things, such as being "constantly aware" of other vehicles, "maintain a constant vigil," use mirrors, and remain attentive and alert. The appellate court agreed with the trial court's decision to disregard the expert's opinions because the relevant standard of care for the truck driver was the

6

duty to exercise ordinary care under the circumstances. *Rios v. Norsworthy*, 597 S.E. 2d at 426. The court added that where the duty is that of ordinary care, the truck driver could not be found negligent merely because he could have prevented the collision if he had exercised a heightened degree of care. *Id*.

The Commercial Motor Vehicle Safety Act was passed by Congress to promote the safe operation of commercial vehicles and to ensure compliance with safety regulations promulgated under the Act. 49 U.S.C. Section 31131(a)(1), (3). The Act does not generally preempt state laws and regulations, as it provides that "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation . . . imposes a higher standard of care than that law, ordinance or regulation, the Federal Highway Administration regulation must be complied with." 49 C.F.R. Section 392.2.

The regulations do not provide for a higher standard of care than provided by state law in the circumstances of this case, so the ordinary care standard applies.

WHEREFORE, the defendants move the court for issuance of an order directing that the plaintiff's attorneys shall not be allowed to argue or make reference to a higher standard of care on defendant Muldrow or to seek a jury instruction to that effect.

> MARKS GRAY, P.A.
>
> /s/ Victor M. Halbach, Jr.
> Victor M. Halbach, Jr.
> Florida Bar No. 0094480
> L. Johnson Sarber, III
> Florida Bar No. 0104116
> Post Office Box 447
> Jacksonville, Florida 32201-0447
> Telephone: (904) 398-0900

Facsimile: (904) 399-8440
Email: vhalbach@marksgray.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to Scot D. Goldberg, Esquire, Goldberg, Racila, D'Alessandro & Noone, LLC, Post Office Box 190, Fort Myers, Florida 33902.

MARKS GRAY, P.A.

/s/ Victor M. Halbach, Jr.
Victor M. Halbach, Jr.
Florida Bar No. 0094480
L. Johnson Sarber, III
Florida Bar No. 0104116
Attorneys for Defendants