IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DAHLGREN, as Personal
Representative of the Estate of
DAVID AND MARY DAHLGREN,
Deceased,

    Plaintiff,

v.                                                     CASE NO. 1:06-cv-00065-MP-AK

JERRY MULDROW,
SCHNEIDER SPECIALIZED CARRIERS INC.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 77, Motion for Reconsideration, filed by Plaintiff Dahlgren. In the motion, Plaintiff moves for the Court to reconsider its order denying Plaintiff's motion for summary judgment and denying Plaintiff's motion *in limine*. Specifically, Plaintiff argues that the Court erred in deciding that Florida Statute Section 316.123, the "yield right of way statute," applied in this case, and that Florida Statute Section 316.1235 did not. Plaintiff relies on a case from the First District Court of Appeals, Gulley v. Pierce, 625 So.2d 45 (Fla. 1st DCA 1993), for the proposition that where only some of the traffic lights within an intersection are inoperative, the driver of a vehicle approaching an inoperative or malfunctioning light is required to stop at the light.

This requirement is found in Florida Statute Section 316.1235, which then references Florida Statute Section 316.123(2). The duty to treat an inoperative traffic light as a stop intersection is limited by the phrase, "[e]xcept when directed to proceed by a police officer or traffic control signal." The Court, in finding that Section 316.1235 did not apply, based its

decision upon this exception.  The Florida Department of Transportation controlled the intersection by placing temporary stop signs–traffic control signals–on State Road 26.  The failure of the FDOT to place similar stop signs on United States Highway 301 rendered it a through highway that was not controlled by any light.  Therefore, the duty imposed under Section 316.1235 was superseded by the exception contained in Section 316.123(2)(a), and the intersection was no longer required to be treated as a four-way stop.

The primary difference between this case and the case cited by the Plaintiff, Gulley v. Pierce, is that the FDOT erected traffic control signals to direct traffic.  Gulley involved an intersection light malfunction, and the court there held that a driver's failure to stop at a malfunctioning light is evidence of negligence pursuant to Section 316.1235.  That did not occur in this case, since the FDOT imposed new traffic control signals in place of the malfunctioning traffic lights.  This act falls squarely within the plain language of Section 316.123(2)(a).  Therefore, Plaintiff's motion for reconsideration is denied.

**DONE AND ORDERED** this   *24th* day of January, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge